A. N. WATERS and McCOY G. WATERS v. B. L. SUSMAN and B. E. TUNNELL.

(Filed 29 September, 1909.)

**Contracts, Written—Contemporaneous Agreement—Breach—Issues.**

In an action for breach of a written contract of sales rights for certain machines, wherein plaintiff claimed damages arising from the alleged fraudulent negotiation of certain notes he had given therefor in violation of the terms of a contemporaneous oral agreement that they were not to be binding until defendant's fulfillment of certain conditions, issues were submitted, without objection, determinative only of the question of the violation of the oral agreement, and not of the fraudulent negotiation of the notes. *Held,* that upon the issues as submitted and in the absence of evidence of substantial damage, the plaintiff was entitled to nominal damage only.

APPEAL from *Peebles, J.,* February Term, 1909, of BEAUFORT. These issues were submitted without objection:

1. "Did defendants agree that the notes mentioned in the complaint should not be binding and of any force until a collateral agreement made by the defendants to the effect that they would instruct plaintiff M. G. Waters in the use of the washing machine until five family rights were sold and until said M. G. Waters should sign a blank agreement, set out in the contract, that he was satisfied with said instructions?" Answer: "Yes."

2. "If so, did defendants fail and refuse to perform said collateral agreement?" Answer: "Yes."

3. "What damages, if any, are plaintiffs entitled to recover?" Answer: "Five cents."

To the ruling of the court, that the plaintiffs are entitled to nominal damages only, the plaintiffs excepted, and appealed from the judgment rendered.

*Nicholson & Daniel* for plaintiffs.
*Bragaw & Harding* and *Ward & Grimes* for defendants.

BROWN, J.   The plaintiffs allege that the defendant Tunnell and one Booker Lawson, acting as agent for defendant Susman, sold to plaintiffs a Swift, 1904, clothes washer, together with the right to sell said machines; that two notes were executed for $250 as the purchase price.   There was a contemporaneous verbal contract that defendants should fully instruct plaintiff M. G. Waters in the use of the machine, and that the transaction should stand as open and unfinished until that was done and until M. G. Waters should express himself, in writing, as satisfied with such instruction.   It is admitted that one of the notes has been surrendered to plaintiffs and cancelled.   The complaint avers that the transaction was a fraud for the purpose of tricking the plaintiffs.

These allegations of the complaint are denied, and the defendant Susman denied specifically that section which alleges the wrongful assignment of one of the notes to Dr. Hardy.

The findings of the jury establish these facts, viz.:  That the defendants agreed that the notes mentioned should not be binding until the collateral agreement in respect to teaching M. G. Waters the use of the machine was performed to his satisfaction, and that the defendants failed to perform such collateral agreement.

It is to be noted that no issue was asked for by the plaintiff for the purpose of establishing the allegation that the note was wrongfully and fraudulently assigned before due for the purpose of cheating and defrauding the plaintiff.

Instead of submitting to the jury an issue involving the aforesaid tort charged against the defendants, the plaintiffs seem to have preferred to try the cause solely as for a breach of contract as to the collateral agreement only.   So we have a finding that the defendants failed to perform their collateral agreement to teach Waters the use of the machine, but no finding that the outstanding note has even been wrongfully and fraudulently assigned for the purpose of defrauding plaintiffs.

In fact, while there is evidence, there is no finding that the note has been assigned at all, although that issue is raised by the answer of Susman.

WATERS ·*v*. SUSMAN.

Taking the case, therefore, as presented by the pleadings and the issues submitted by consent, we are of opinion that his Honor did not err in confining the recovery to nominal damages.

The second issue relates solely to the failure to perform the collateral agreement, and therefore the measure of damage under the third issue must be confined to such damages as are shown to have been sustained by defendant's failure to perform the collateral agreement, and which were reasonably within the contemplation of the parties. The collateral agreement, as stated in the first issue, was that "they (the defendants) would instruct M. G. Waters in the use of the machine until five family rights were sold and until said M. G. Waters should sign a blank agreement that he was satisfied with said instructions." This collateral agreement, as its name imports, was not a part of the written contract of sale, but a cotemporaneous verbal agreement entered into at the same time. The record does not disclose a scintilla of evidence that the plaintiffs sustained any substantial damage because the defendants failed to keep the collateral agreement and instruct M. G. Waters in the use of the machine until five family rights were sold.

There is no evidence that plaintiffs sustained loss by lack of such instruction. For aught that appears, they may have acquired the necessary knowledge as to the use of the machine and may have sold the five family rights without the assistance of the defendants.

It is contended by counsel for the plaintiffs that, upon the evidence of plaintiff, the $250 note has been assigned to Dr. Hardy, and that, although the plaintiffs admittedly have paid nothing on the note and are utterly insolvent, the measure of damage is the amount of the note, or at least what it would cost plaintiffs to have it cancelled. For this position he relies upon the case of *Lyle v. McCormick*, 51 L. R. A., 908, and cases there cited. This view was presented in an able and interesting argument by Mr. Daniel for the plaintiffs. Had there been an issue and finding that the note had been wrongfully assigned by defendants for the purpose of defrauding the plaintiffs, then we think the point would have been before us for determination.

As the case stands upon the pleadings, the issues as agreed upon and the evidence, we think his Honor did not err upon the issue of damage.

No error.